UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARISSA ANDERSON, individually; LEVI ANDERSON, individually; MARISSA AND LEVI as the natural guardians for C.A., a minor child,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STATE OF IDAHO, a governmental entity; CITY OF MERIDIAN, a municipal corporation; IDAHO DEPARTMENT OF HEALTH AND WELFARE, an agency of the State of Idaho; DAVE JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare; CHIEF TRACY BASTERRECHEA, individually and in his official capacity as the Chief of Police for the City of Meridian; CHRISTOPHER McGILVERY, individually; STEVEN HANSEN, individually; JEFFREY FULLER, individually; SEAN KING, individually; NICE LOUFOUA, in her official capacity; KELLEY SHIPLOCK, in her official capacity; and DOES I–X, inclusive, unknown parties,<br><br>　　　　Defendants. | Case No. 1:24-cv-00138-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.　INTRODUCTION

Before the Court are three motions: State Defendants'[1] Motion to Dismiss (Dkt. 6),

---

[1] The "State Defendants" are the State of Idaho, the Idaho Department of Health and Welfare, Dave Jeppesen, Nice Loufoua, and Kelley Shoplock. Dkt. 6.

MEMORANDUM DECISION AND ORDER - 1

Meridian Defendants'[2] Motion to Dismiss (Dkt. 12), and Plaintiffs' Motion to Extend Time for Service of Process (Dkt. 9).[3] For the reasons that follow, State Defendants' Motion to Dismiss is GRANTED, Meridian Defendants' Motion to Dismiss is DENIED, Plaintiffs' Motion for Extension of Time to Serve Process is DENIED AS MOOT.

## I. BACKGROUND

Levi and Marissa Anderson believe that the Defendants violated their civil rights, and the civil rights of their child C.A., when Defendants transported C.A. to a hospital to receive emergency medical care. *See generally* Dkt. 1.

The Andersons filed two cases against the Defendants related to C.A.'s hospital stay.[4] The first case was filed on March 8, 2024, in Florida, where the Andersons reside. It was filed pro se in the Middle District of Florida as *Rodriguez, et al. v. St Luke's Hospital, et al,* 6:24-cv-486. Three days later, on March 11, 2024, the Florida court sue sponte ("on its own") issued a Show Cause Order requiring Plaintiffs to show why the case should not be dismissed or transferred to Idaho for lack of venue. Dkt. 4. Plaintiffs filed a response to the Show Cause Order on March 22, 2024. Dkt. 5. In that response, Plaintiffs acknowledged that while they were citizens of Florida, all of the events at issue occurred in Idaho and the Defendants reside in Idaho. Due to improper venue, the District of Florida transferred that case to the District of Idaho. Once in Idaho, the case became Case No.

---

[2] The "Meridian Defendants" are the City of Meridian, Meridian Chief of Police Tracy Basterrechea, Christopher McGilvery, Steven Hansen, Jeffrey Fuller, and Sean King. Dkt. 12.
[3] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).
[4] Diego Rodriguez was a named plaintiff in the 24-cv-159 case but not in this case.

MEMORANDUM DECISION AND ORDER - 2

1:24-cv-00159-DCN.[5]

Nothing further occurred until July 17, 2024, when St. Luke's Hospital and Tracy Jungman filed a Motion to Dismiss for Insufficient Service of Process. Dkt. 9. The Meridian Defendants filed a Motion for Joinder to Dismiss for Insufficient Service of Process on July 26, 2024. Dkt. 14. The State Defendants filed their own Motion to Dismiss for Insufficient Service of Process on August 15, 2024. Dkt. 16. Plaintiffs never responded to the Motions to Dismiss for Insufficient Service of Process. The Court ultimately dismissed the *Rodriguez* case on May 7, 2025, because Service of Process never occurred. Dkt. 27.

This case began on March 11, 2024, when the Andersons[6] filed their Complaint. Dkt. 1. Thus, there was an overlap between this case and the *Rodriguez* case of about 14 months. Nevertheless, the Defendants were never properly served in *Rodriguez* and the merits were never addressed. Although the Andersons represented themselves in the *Rodriguez* case, they have an attorney representing them here.

On August 8, 2024, State Defendants moved to dismiss this case, arguing that the Andersons' claims against them were barred. Dkt. 6. Meridian Defendants also moved to dismiss, arguing this case is duplicative of *Rodriguez*. Dkt. 12.

The Andersons' response to State Defendants' Motion to Dismiss was originally due on August 22, 2024. The day before the deadline, the Andersons sought an extension of

---

[5] The change in the file number was caused by the fact that each district has its own numbering system. However, the Florida docket remained in the Idaho *Rodriguez* case.
[6] The Andersons were named plaintiffs in both *Rodriguez* and this case.

MEMORANDUM DECISION AND ORDER - 3

time to respond. Dkt. 11. Meridian Defendants filed their Motion to Dismiss just over a week later on August 29, 2024. Dkt. 12. On September 5, 2024, the Court granted Andersons' motion to extend time and ordered them to respond to both motions to dismiss in one response memorandum by September 19, 2024. Dkt. 15.

On September 16, 2024, the Andersons sought a second extension of their response deadline. Dkt. 16. The Court again granted their request, ordering them to file the consolidated response by October 17, 2024. Dkt 18. The Court admonished the parties to meet and confer prior to seeking more extensions of time. Dkt. 17.

On October 17, 2024, the Andersons—without meeting or conferring with Defendants—sought a third extension of their response deadline. Dkt. 19. The Court reminded the parties to meet, confer, and if possible stipulate before requesting extensions. Dkt. 20. The Court also reminded the parties that motions to extend should be filed before the deadline, not on it. *Id*. Nonetheless, the Court granted the Andersons' third motion and reset their deadline to November 7, 2024. *Id.*

On November 7, 2024 —77 days after their original deadline to respond —Plaintiffs filed a 121-word response. Dkt. 21., Plaintiffs' consolidated response reads in its entirety:

> COME NOW, Plaintiffs Levi and Marissa Anderson, by and through their above referenced counsel and submits this Opposition to Defendants' Motion to Dismiss.
>
> EXPLANATION
>
> The Plaintiffs asserted duplicative claims in this lawsuit and

MEMORANDUM DECISION AND ORDER - 4

> another lawsuit originally filed in Florida, Case No. 1:24-cv-00159-DCN. The City Defendants have moved to dismiss the present action on account of the duplicative claims that were filed in Case No. 1:24-cv-00159-DCN. The Plaintiffs in this case intend to file a notice of dismissal in Case No. 1:24-cv-00159-DCN where the Plaintiffs will dismiss all duplicative claims. Because the claims in Case No. 1:24-cv-00159-DCN will be dismissed, the claims in the present lawsuit will no longer be duplicative. As such, the City Defendants' Motion to Dismiss should be denied.

*Id.* The Andersons never filed a Notice of Dismissal in Case No. 1:24-cv-00159-DCN. Nor did they ever address any argument raised by State Defendants in this case. Shortly after the Plaintiffs filed their response to the Meridian Defendants in this case, Defendants filed their replies. Dkts. 22; 23. On May 7, 2025, the Court entered its order dismissing the prior case, *Rodriguez,* without prejudice. 2025 WL 1332074, at *7. The dismissal matter is now ripe for review in the instant case.[7]

---

[7] On August 8, 2024, Plaintiffs filed a Motion for Extension of Time to File Effectuated Service of Process. Dkt. 9. There, Plaintiffs stated that they had properly served all Meridian Defendants and functionally served all the State Defendants but failed to serve the Secretary of State as required by Fed. R. Civ. P. 4(j)(2)(B) and the Idaho Tort Claims Act. Plaintiffs sought an additional 30 days to effectuate proper service. Given the Court's dismissal of all State Defendants, the motion to extend the time for service (Dkt. 9) is DENIED AS MOOT.

MEMORANDUM DECISION AND ORDER - 5

## II.  LEGAL STANDARD

### A. Local Rule 7.1(e) as to the State Defendants' motion.

Under Local Rule 7.1(e), "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." The Ninth Circuit has long held that a district court may properly grant a motion to dismiss pursuant to a local rule for failure to respond. *Garza v. Idaho Cent. Credit Union*, 2024 WL 4008583, at *1 (D. Idaho Aug. 30, 2024) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *See also Spears v. Baldwin Park Unified School Dist.*, 2025 WL2028305, at *1 (9th Cir. 2025).

### B. Anti-Claim Splitting Doctrine as to the Meridian Defendants' motion.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled on other grounds*, *Taylor v. Sturgell*, 553 U.S. 880 (2008). "If a Court finds that a plaintiff has improperly split his or her claims, the Court may enjoin proceedings, stay the second-filed suit until the first is resolved, or dismiss the case." *Adams*, 487 F.3d at 692. The anti-claim splitting doctrine does not apply once the other lawsuit has been dismissed without prejudice. *See, e.g.*, *Composite Resources Inc. v. Recon Medical LLC*, 2021 WL 8531856 (D. Nev. 2021).

## III. DISCUSSION

**A. State Defendants' Motion to Dismiss.**

The State Defendants moved to dismiss on three grounds:

1. Rule 12(b)(1) for lack of subject matter jurisdiction based on sovereign immunity under the Eleventh Amendment;

2. Rule12(b)(2) and 12(b)(5) for failure to properly effectuate service on the Idaho Secretary of State, Jeppesen, and Loufoua; and

3. Rule 12(b)(6) for failing to allege sufficient facts to put the State Defendants on notice as to their alleged wrongdoing.

Plaintiffs failed to respond to State Defendants' Motion to Dismiss. Consistent with the Ninth Circuit's holding in *Ghazali,* the District of Idaho enforces Local Rule 7.1(e)(1) and deems the failure to file an opposition to a pending motion to dismiss as consent to the granting of the motion. *See, Coy v. Ada Cnty.*, 2023 WL 6623633, at *3 (D. Idaho 2023) (Brailsford, J.); *Gerst v. Canyon County Jail*, 2019 WL 1386369, at *2 (D. Idaho 2019) (Winmill, J.); and *Ray v. Blades*, 2018 WL 5621857, at *2 (D. Idaho 2018) (Nye, J.).[8] Because Plaintiffs have consented to State Defendants' motion to dismiss, the motion is GRANTED. All State Defendants are hereby dismissed from this case with prejudice.[9]

---

[8] Although each of the cited cases involve *pro se* plaintiffs, the same rule applies when the plaintiff is represented by an attorney. *See, e.g. Ramsey v. Twin Falls Police Department*, 2025 WL 3187341 (D. Idaho 2025).

[9] Although State Defendants' arguments 2 and 3 could be mooted by Plaintiff's Motion to Extend Time, the Court construes Plaintiffs as consenting to argument 1 (sovereign immunity) as well. Dismissal with prejudice is, therefore, proper.

MEMORANDUM DECISION AND ORDER - 7

### B. Meridian Defendants' Motion to Dismiss.

Meridian Defendants argue that this case should be dismissed against them under the anti-claim splitting rule. Plaintiffs responded to this argument, as stated above, by claiming that they would voluntarily dismiss Case No. 1:24-cv-00159-DCN. Although they did not do so—the Court involuntarily dismissed that case[10]--the manner of dismissal is irrelevant so long as the dismissal is without prejudice.

The anti-claim splitting doctrine prohibits duplicative actions proceeding parallel to each other. *Adams*, 487 F.3d at 688. Like claim preclusion, the anti-claim splitting doctrine applies when two lawsuits cover the same underlying case. Unlike claim preclusion, however, the anti-claim splitting doctrine applies when the first suit has not yet been resolved. *Id.* at *1. Here though, there is only one remaining case proceeding against the Defendants based on C.A.'s transport to St. Luke's Hospital. There are no longer parallel cases moving forward. Nor does issue preclusion apply: the first case was dismissed without prejudice, meaning there was no final judgment on the merits that would bind the parties or bar this case.

The Court rules that neither claim preclusion or the anti-claim splitting doctrine applies to this situation. The prior case did not reach a final judgment on the merits. This precludes issue preclusion. The two cases will not run parallel to each other because the prior case is gone. In fact, the prior case was dismissed for lack of proper service of process.

---

[10] *See* F.R.E. 201 (noting the propriety of a court taking judicial notice of documents on file in federal or state courts); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (holding that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment).

It ended before it really ever began.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). One of the primary rationales for the anti-claim splitting doctrine is that "doing anything other than dismissing the second case under the anti-claim splitting doctrine would undermine the decisions of the court presiding over the first-filed case." *Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, 2020 WL 1891859, at *6 (D. Nev. 2020). Here, the Florida court never issued a substantive decision. It merely, procedurally, transferred the case to Idaho. The Idaho court also never issued a substantive decision. It merely, procedurally, dismissed the case for lack of service. There are no decisions in the first case to undermine so the anti-claim splitting doctrine does not apply.

Since this Court never had jurisdiction over the defendants in the first filed action, and because no proceedings of substance occurred in *Rodriguez*, the anti-claim splitting doctrine no longer applies. The Meridian Defendants' Motion to Dismiss must be denied.[11]

## V. CONCLUSION

The State Defendants' motion to dismiss is granted. Plaintiffs made no response to that motion. Local Rule 7.1(e)(1) deems this nonresponse to be a consent to grant the motion.

---

[11] Although the Meridian Defendants' Motion to Dismiss states it is based upon Rule 12(b)(6) or, alternatively, under 12(f), their memorandum in support of the motion barely mentions Rule 12(f). Rule 12(f) is not an authorized or proper way to procure the dismissal of all or part of a complaint. *See Whittlestone v. Handi-Craft*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)).

The Meridian Defendants' motion to dismiss is denied. The anti-claim splitting doctrine does not apply here because the Court never had jurisdiction over the defendants in the *Rodriguez* case and that case is now over.

## ORDER

1. The State Defendants' Motion to Dismiss (Dkt. 6) is GRANTED;

2. Plaintiffs' Motion to Extend Time for Service of Process (Dkt. 9) is DENIED AS MOOT; and

3. The Meridian Defendants' Motion to Dismiss (Dkt. 12) is DENIED.

DATED: February 5, 2026

_____
David C. Nye
U.S. District Court Judge